J. E. SIEBEL SONS' COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1130.    Decided November 23, 1926.

*Edward E. Gore, C. P. A.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

This proceeding involves a deficiency of $2,886.36, income and profits taxes for the fiscal year ended April 30, 1918, arising from the partial disallowance by the respondent of a deduction for depreciation of equipment, and from his refusal to compute the petitioner's profits tax for that part of the fiscal year falling within the calendar year 1917 under section 209 of the Revenue Act of 1917. The respondent admits error in the computation of the profits tax, leaving only the question of depreciation.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal place of business in Chicago. Its business consisted of giving instruction in brewing and malting and acting as analyst and counselor to the brewing industry. For the purpose of instructing students in the practical application of the scientific principles of malting, brewing and bottling, it had acquired during the years from 1902 to 1907 actual working brewing equipment at a total cost of about $19,000. This equipment had been replaced and renewed to such an extent that it was in satisfactory condition in 1917. This equipment was not in use during the fiscal year ended April 30, 1918. The company discontinued its instruction courses in 1917, for the reason that students were not solicited and could not be secured, due to the general agitation for prohibition, legislation against the manufacture of beer, and the conservation of cereals during the war.

When not in use brewing equipment deteriorates much more rapidly than when in operation.

### OPINION.

STERNHAGEN: The difficulty with this case is that the testimony is so vague that there is no way of determining what the correct depreciation was during the taxable years in question. The purchase of equipment over a period of five years from 1902 to 1907 at an approximate cost of $19,000 does not of itself indicate anything in respect of its probable life. If a 20 per cent rate were applied as the petitioner's witnesses testified in respect of the taxable year, the property was of little or no depreciable value long prior to 1917. If there was any depreciation in the intervening years, the record is silent on the subject and we must assume that the Commissioner had the facts. Without such information there is no basis upon which to compute the annual deduction. It was testified that in the taxable year in question the equipment was in disuse and that, instead of the normal rate of 10 to 15 per cent, a rate of 20 to 25 per cent would be

proper. Obviously, this can not be adopted as a general principle and there is nothing more specific which can be applied to the particular property here in question.

> *Judgment will be entered on 15 days' notice, under Rule 50.*